UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YESENIA DIAZ, Individually and on behalf of all other persons similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>THE WATCHUNG GROUP INC.,<br><br>            Defendant. | ECF CASE<br><br><br>No.: _____<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

NATURE OF THE ACTION

1.      Plaintiff Yesenia Diaz ("Plaintiff Diaz") worked as a security guard for Defendant The Watchung Group Inc. ("Defendant" or "Watchung") at two of the residential buildings that it services from July 2018 to April 2019.

2.      Plaintiff Diaz alleges on her behalf and other similarly situated current and former employees of Defendant, pursuant to Fed. R. Civ. P. 23 (a) and (b), that Defendant willfully violated the New York Labor Law by (i) failing to pay the minimum wage, (ii) failing to pay overtime premium pay, (iii) failing to pay spread-of-hours pay, (iv) requiring them to pay for uniforms with their own funds, (v) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, and (vi) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3.

3.      Plaintiff Diaz alleges on her behalf and other similarly situated current and former employees of Defendant and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that Defendant willfully violated the FLSA by failing to pay overtime premium pay.

4.      Plaintiff Diaz asserts individual FLSA and Labor Law retaliation claims

against Defendant.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff Diaz's state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff Diaz's FLSA claims under 29 U.S.C. § 216(b).

3.      Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and (2).

4.      This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

5.      Plaintiff Diaz was, at all relevant times, an adult individual residing in Bronx, New York.

6.      Upon information and belief, Defendant is a domestic business corporation that is organized under New York law and is authorized to do business in the State of New York.

7.      Upon information and belief, Defendant employs more than 11 employees.

8.      Defendant is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Defendant is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and materials that have been produced for and moved in

commerce, which its employees have handled, include, but are not limited to, uniforms and computers.

STATEMENT OF FACTS

9.    Watchung provides security services to at least two residential buildings throughout New York City.

Duties Performed and Hours Worked[1]

10.    Defendant employed Plaintiff Diaz as a security guard from in or about July 2018 until April 2019. She, throughout her employment, worked at two different residential buildings that Defendant services: Beacon Mews, located at 34 West 139th Street, New York, New York 10037, and the Douglass located at 279 West 117th Street, New York, New York 10026.

11.    As a security guard, she was responsible for opening up the building, bringing in packages, logging activities that occurred in the building, watching surveillance cameras and patrolling hallways.

12.    Throughout her employment, Plaintiff Diaz often worked in excess of 40 hours per week.

13.    Defendant scheduled Plaintiff Diaz to work from 7:00 a.m. to 3:00 p.m. Tuesdays to Fridays, totaling 32 hours.

14.    Defendant, however, regularly required Plaintiff Diaz to work longer than her 32-hour regular schedule. In fact, every other week Defendant required Plaintiff Diaz to work from 7:00 a.m. to 7:00 p.m. or from 7:00 a.m. to 3:00 p.m. and then from 3:00 p.m. to 11:00 p.m. Tuesdays to Fridays, resulting in her regularly working 48 to 64 hours

---

[1] These subject lines are included only for organizational purposes.

per week. Additionally, Defendant sometimes required Plaintiff Diaz to work on Mondays.

15.     Defendant did not provide Plaintiff Diaz with a meal break. She, instead, ate her meals while on duty at the security desk.

16.     From reviewing the schedule, speaking with them and personal observations, Plaintiff Diaz knows that other security guards were, like her, regularly scheduled to work and did, in fact, work more than 40 hours in a week.

Hourly Rate, Spread-of-Hours, Overtime

17.     From in or about July 2018 to in or about February 2019, Defendant paid Plaintiff Diaz $12.75 per hour, which was below the Labor Law's statutory minimum wage.[2]

18.     From in or about February 2019 to in or about April 2019, Defendant paid Plaintiff Diaz $13.50 per hour, which was below the Labor Law's statutory minimum wage.[3]

19.     From in or about July 2018 to in or about February 2019, Defendant paid Plaintiff Diaz her wages in cash. From in or about February 2019 to April 2019, Defendant paid Plaintiff Diaz her wages by check.

20.     When Plaintiff Diaz worked more than 40 hours in a week, Defendant did not pay her overtime premium pay.

21.     When Plaintiff Diaz worked more than 40 hours in a week, Defendant paid Plaintiff Diaz her regular hourly rate for all hours.

---

[2]     https://labor.ny.gov/workerprotection/laborstandards/workprot/minwage.shtm    (last visited June 5, 2019).
[3] *Id.*

22.    For the days that she was scheduled to and worked more than 10 hours in a day, Defendant did not pay Plaintiff Diaz spread-of-hours pay: an extra hour at the statutory minimum wage.

23.    From speaking with them, Plaintiff Diaz knows that other security guards, like her, were not paid overtime premium pay for the hours they worked in excess of forty each week, and were also not paid spread-of-hours pay for days in which they worked more than 10 hours in a day.

Uniform Violations

24.    Defendant required Plaintiff Diaz and her coworkers to wear a specific uniform, which included a blazer, a collared shirt and black or navy-blue pants.

25.    Defendant provided Plaintiff Diaz and her coworkers with the blazer, however, it required Plaintiff Diaz and her coworkers to purchase the remainder of the uniform.

26.    Defendant failed to reimburse Plaintiff Diaz and other similarly situated employees an allowance for the care, maintenance and cleaning of their uniforms, including the blazers, which Defendant required them to wear during their employment for Defendant.

27.    The uniforms that Defendant required Plaintiff Diaz and her coworkers to wear do not constitute ordinary or basic street clothes. Specifically, the blazers Defendant required them to wear bore Defendant's logo and Defendant did not permit variations in the details of the collared shirts and pants.

28.    As a result of not reimbursing or compensating them for their uniform expenses and maintenance, Defendant effectively further reduced Plaintiff Diaz's wages below the statutory minimum wage and overtime requirements.

Labor Law Notice and Wage Statement Violations

29.    Defendant did not provide Plaintiff Diaz or the other security guards the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 when they were hired or at any point in their employment.

30.    From in or about July 2018 to in or about February 2019, Defendant did not provide Plaintiff Diaz or other security guards a wage statement with each payment of wages as required under N.Y. Lab. Law § 195.3.

Retaliation

31.    In or about February 2019, Plaintiff Diaz complained to Defendant that two of the checks it provided her had bounced.

32.    In response, Defendant reduced the hours that Plaintiff Diaz worked. Specifically, Defendant no longer permitted Plaintiff Diaz to work on Mondays and stopped requesting that she work longer hours than those she was scheduled for.

33.    Thereafter, on or about April 27, 2019 Defendant put Plaintiff Diaz on "stand by" for complaining about the bounced checks. Defendant has not permitted Plaintiff Diaz to return to work.

## CLASS ACTION ALLEGATIONS

34.    Plaintiff Diaz asserts these allegations and claims on her own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

All persons whom Defendant employs and has employed who were security guards at any time since June 6, 2013 to the entry of judgment in

this case (the "Class Period"), who were non-exempt employees under the New York Labor Law (the "Class Members").

35.    The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendant's sole control, upon information and belief, more than 50 Class Members exist.

36.    Plaintiff Diaz's claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

37.    Defendant has acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

38.    Plaintiff Diaz is committed to pursuing this action and has retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

39.    Plaintiff Diaz has the same interest in this matter as all other Class Members and her claims are typical of Class Members'.

40.    Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including but not limited to:

a.    whether Defendant employed Plaintiff Diaz and the Class Members within the meaning of the Labor Law;

b.    whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiff Diaz and the Class Members;

c.    what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d.    whether Defendant failed or refused to pay the Class Members overtime premium pay and spread-of-hours pay for all hours worked in excess of forty (40) hours per workweek;

e.    whether Defendant failed to provide Plaintiff Diaz and the Class Members Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1;

f.    whether Defendant failed to provide the Class Members the required statement with each wage payment under N.Y. Lab. Law § 195.3;

g.    whether Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the Labor Law in any area where Plaintiff Diaz and the Class Members are employed;

h.    whether Defendant is liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

i.    whether Defendant should be enjoined from such violations of the Labor Law in the future.

<u>COLLECTIVE ACTION ALLEGATIONS</u>

41.    Under 29 U.S.C. § 206, Plaintiff Diaz seeks to assert these allegations and claims as a collective action:

All persons whom Defendant employs and has employed who were security guards at any time since June 6, 2016 to the entry of judgment in

this case (the "Collective Action Period"), who were non-exempt employees under the FLSA (the "Collective Action Members").

42.    Plaintiff Diaz and the Collective Action Members are similarly situated on several legal and factual issues, including:

    a.    Defendant employed the Collective Action Members within the meaning of the FLSA;

    b.    Collective Action Members performed similar duties;

    c.    Defendant failed to keep true and accurate time records for all hours Plaintiff Diaz and the Collective Action Members worked;

    d.    Defendant willfully or recklessly violated the FLSA;

    e.    Defendant failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty (40) hours per workweek at the proper rate, violating the FLSA and the regulations promulgated thereunder;

    f.    Defendant should be enjoined from such violations of the FLSA in the future; and

    g.    The statute of limitations should be estopped or equitably tolled due to Defendant's statutory violations.

<u>FIRST CAUSE OF ACTION</u>
FAILURE TO PAY THE MINIMUM WAGE
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Diaz and the Class Action Members)

43.    Plaintiff Diaz realleges every preceding allegation as if set forth fully herein.

44.    Defendant is an "employer" under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiff Diaz and the Class Members.

45.    The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendant and protect Plaintiff Diaz and the Class Members.

46.    Under the Labor Law and supporting New York State Department of Labor Regulations, Defendant was required to pay Plaintiff Diaz and the Class Members the statutory minimum wage.

47.    Upon information and belief, Defendant failed to post, in a conspicuous place upon its premises a notice issued by the New York State Department of Labor summarizing minimum wage provisions, violating the Labor Law and supporting New York State Department of Labor Regulations. 12 N.Y.C.R.R. §§ 137-2.3, *et seq.*

48.    Defendant paid Plaintiff Diaz and the Class Members below the statutory minimum wage.

49.    Defendant is accordingly liable to Plaintiff Diaz and the Class Action Members the difference between the hourly rate at which it paid them and the statutory minimum wage.

50.    Defendant has willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Diaz and the Class Members the minimum wage.

51.    Due to Defendant's Labor Law violations, Plaintiff Diaz and the Class Members are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

<u>SECOND CAUSE OF ACTION</u>
FAILURE TO PAY OVERTIME PREMIUM PAY UNDER THE FLSA
(On Behalf of Plaintiff Diaz and the Collective Action Members)

52.     Plaintiff Diaz repeats every preceding allegation as if set forth fully herein.

53.     Plaintiff Diaz consents in writing to be a party to this action under 29 U.S.C. § 216(b), which is attached to this Complaint and incorporated by reference.

54.     Defendant has been and continues to be, an employer engaged in interstate commerce or the production of goods for commerce under the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

55.     Defendant employed, or continues to employ, Plaintiff Diaz and the Collective Action Members within the meaning of the FLSA.

56.     Defendant was required to pay Plaintiff Diaz and the Collective Action Members no less than 1.5 times the regular rate at which they were employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

57.     At all relevant times, Defendant had a policy and practice of refusing to pay its employees overtime compensation for their hours worked in excess of 40 hours per workweek.

58.     At all relevant times, Defendant had a policy and practice of refusing to pay its employees for all hours worked over 40 per workweek, violating the FLSA and its regulations, including 29 C.F.R. §§ 785.13, 785.11.

59.     Defendant was aware or should have been aware that the practices described in this Complaint were unlawful, making its violations willful or reckless.

60.    Defendant has not made a good faith effort to comply with the FLSA with respect to Plaintiff Diaz and the Collective Action Members' compensation.

61.    Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255 and should be equitably tolled between the filing of this lawsuit and when the Court conditionally certifies the collective action.

62.    Defendant has failed to make, keep and preserve records with respect to its employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1), 215(a) and 216(b).

63.    As a result of Defendant's FLSA violations, Plaintiff Diaz and the Collective Action Members have suffered damages by being denied overtime pay in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b), and such other legal and equitable relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
FAILURE TO PAY THE OVERTIME PREMIUM PAY
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Diaz and the Class Members)

64.    Plaintiff Diaz realleges every preceding allegation as if set forth fully herein.

65.    Defendant is an employer under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiff Diaz and the Class Members.

66.     Under the Labor Law and supporting New York State Department of Labor Regulations, Defendant was required to pay Plaintiff Diaz and the Class Members 1.5 times their regular rate of pay for all hours they worked in excess of 40.

67.     Defendant failed to pay the Class Members overtime premium pay for any hour they worked above 40 in a week, violating the Labor Law. 12 N.Y.C.R.R. § 142-2.2

68.     Defendant failed to compensate Plaintiff Diaz and the Class Members at their overtime premium rate for any hours worked in excess of 40 per week.

69.     At all relevant times, Defendant had a policy and practice of refusing to pay its employees for all hours worked over 40 per workweek, violating the Labor Law and its regulations, including 12 N.Y.C.R.R. § 146-1.2, 1.4.

70.     Defendant has willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Diaz and the Class Members the correct amount of overtime wages.

71.     Due to Defendant's Labor Law violations, Plaintiff Diaz and the Class Members are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest. N.Y. Lab. Law § 663.

FOURTH CAUSE OF ACTION
FAILURE TO PAY SPREAD-OF-HOURS PAY
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Diaz and the Class Members)

72.     Plaintiff Diaz realleges every preceding allegation as if set forth fully herein.

73.     Defendant willfully failed to pay Plaintiff Diaz and the Class Members one additional hour's pay at the basic minimum wage rate before allowances for each day

that their spread of hours exceeded ten hours, violating Part 146 § 146-1.6 of Title 12 of the Official Compilation of Codes, Rules and Regulations.

74.    At all relevant times, Defendant paid Plaintiff Diaz and the Class Members below the minimum wage.

75.    By their failure to pay Plaintiff Diaz and the Class Members spread-of-hours pay, Defendant has willfully violated the N.Y. Lab. Law Article 19, §§ 650, *et seq.* and the supporting New York State Department of Labor Regulations.

76.    Due to Defendant's Labor Law violations, Plaintiff Diaz and the Class Members are entitled to recover from Defendant their unpaid spread-of-hours pay, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

FIFTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.1 NOTICE UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Diaz and the Class Members)

77.    Plaintiff Diaz realleges every preceding allegation as if set forth fully herein.

78.    Defendant has willfully failed to supply Plaintiff Diaz and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under N.Y. Lab. Law § 195.1(a) within ten business days of their first employment date.

79.    Due to Defendant's violations of N.Y. Lab. Law § 195.1 on or after February 27, 2015, Plaintiff Diaz and the Class Members are entitled to recover from Defendants $50.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-b (2016).

SIXTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.3 WAGE STATEMENT
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Diaz and the Class Members)

80.    Plaintiff Diaz realleges every preceding allegation as if set forth fully herein.

81.    Defendant has willfully failed to supply Plaintiff Diaz and the Class Members with an accurate wage statement with each payment of wages, violating N.Y. Lab. Law § 195.3.

82.    Due to Defendant's violations of N.Y. Lab. Law § 195.3 on or after February 27, 2015, Plaintiff Diaz and the Class Members are entitled to recover from Defendant $250.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-d (2016).

SEVENTH CAUSE OF ACTION
UNIFORM VIOLATIONS UNDER THE FLSA
(On Behalf of Plaintiff Diaz and the Collective Action Members)

83.    Plaintiff Diaz realleges every preceding allegation as if set forth fully herein.

84.    Defendant failed to pay Plaintiff Diaz and the Collective Action Members the full amount of their wages as a result of deductions for uniform-related expenses, violating 29 C.F.R. § 531.35.

85.    Defendant required Plaintiff Diaz and the Collective Action Members to purchase and wear a specific uniform while working.

86.    The cost of the uniforms reduced Plaintiff Diaz and the Collective Action Members' wages below the statutory minimum and overtime rates.

87.    Defendant failed to reimburse Plaintiff Diaz and the Collective Action Members for the costs of the uniforms, violating 29 C.F.R. § 531.35.

88.    Additionally, Defendant failed to launder or maintain the uniforms that it required Plaintiff Diaz and the Collective Action Members to wear and failed to pay them the required weekly amount for such laundering and maintenance.

89.    Due to Defendant's violations of the FLSA, Plaintiff Diaz and the Collective Action Members are entitled to recover from Defendant their costs for purchasing the uniforms, unpaid uniform related expenses, statutory liquidated damages, reasonable attorneys' fees, costs and pre and post-judgment interest.

<u>EIGHTH CAUSE OF ACTION</u>
UNIFORM VIOLATIONS UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Diaz and the Class Members)

90.    Plaintiff Diaz realleges every preceding allegation as if set forth fully herein.

91.    Defendant failed to pay Plaintiff Diaz and the Class Members the full amount of their wages as a result of deductions for uniform-related expenses, violating Labor Law Article 6 § 193 and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 137-2.5, 12 N.Y.C.R.R. § 195-4.5(b).

92.    Defendant required Plaintiff Diaz and the Class Members to purchase and wear a specific uniform while working.

93.    Defendant failed to reimburse Plaintiff Diaz and the Class Members for the cost of the uniforms, violating 12 N.Y.C.R.R. § 137-1.8 and 12 N.Y.C.R.R. § 195-4.5(b).

94.    Additionally, Defendant failed to launder or maintain the uniforms that it required Plaintiff Diaz and the Class Members to wear and failed to pay them the required weekly amount for such laundering and maintenance.

95.    Due to Defendant's violations of the Labor Law, Plaintiff Diaz and the Class Members are entitled to recover from Defendant their costs for purchasing the uniforms, unpaid uniform related expenses, statutory liquidated damages, reasonable attorneys' fees, costs and pre and post-judgment interest.

NINTH CAUSE OF ACTION
RETALIATION UNDER THE FLSA
(On Behalf of Plaintiff Diaz)

96.    Plaintiff Diaz realleges every preceding allegation as if set forth fully herein.

97.    Plaintiff Diaz is an employee under 29 U.S.C. § 215(a)(3).

98.    Defendant is an employer under 29 U.S.C. § 215(a)(3).

99.    Plaintiff Diaz's complaints about Defendant providing her with checks that bounced constitutes protected activity under the FLSA.

100.    Defendant put Plaintiff Diaz on "stand-by" and ultimately terminated her for complaining about the bounced checks, violating 29 U.S.C. § 215(a)(3).

101.    Because she complained about the bounced checks, Defendant gave Plaintiff Diaz less work than those who did not complain about the bounced checks, violating 29 U.S.C. § 215(a)(3).

102.    Due to Defendant's violations of the FLSA, Plaintiff Diaz is entitled to recover from Defendant compensatory damages, punitive damages, reasonable attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

TENTH CAUSE OF ACTION
RETALIATION UNDER THE LABOR LAW
(On Behalf of Plaintiff Diaz)

103.   Plaintiff Diaz realleges every preceding allegation as if set forth fully herein.

104.   Plaintiff Diaz is an employee under N.Y. Lab. Law § 215.

105.   Defendant is an employer under N.Y. Lab. Law § 215.

106.   Plaintiff Diaz's complaints about Defendant providing her with checks that bounced constitutes protected activity under the Labor Law.

107.   Defendant put Plaintiff Diaz on "stand-by" and ultimately terminated her for complaining about the bounced checks, violating N.Y. Lab. Law § 215.

108.   Because she complained about Defendant providing her with checks that bounced, Defendant gave Plaintiff Diaz less work than those who did not complain about the bounced checks, violating N.Y. Lab. Law § 215.

109.   Due to Defendant's violations of the Labor Law, Plaintiff Diaz is entitled to recover from Defendant punitive damages, reasonable attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Diaz, on her behalf and the Class and Collective Action Members, respectfully requests this Court grant the following relief:

a.      Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Plaintiff Diaz and her counsel to represent the Class Members;

b.      Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in collective action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff Diaz and her counsel to represent the Collective Action Members and tolling of the statute of limitations;

c.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

d.      An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.      An award for unpaid overtime premium pay under the Labor Law and the FLSA;

f.      An award for unpaid spread-of-hours pay under the Labor Law;

g.      An award for reimbursement of uniform-related expenses, business-related expenses and for unlawful deduction under the Labor Law and the FLSA;

h.      An award for failing to provide the N.Y. Lab. Law § 195.1 Notice;

i.      An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

       j.       An award of liquidated damages as a result of Defendant's Labor Law violations;

       k.       An award of liquidated damages as a result of Defendant's willful FLSA violations;

       a.       An award of compensatory damages and punitive damages under the Labor Law and FLSA for Defendant's retaliatory conduct.

       b.       Equitably tolling the statute of limitations under the FLSA;

       c.       An award of pre-judgment and post-judgment interest;

       d.       An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

       e.       Such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Diaz demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
       June 13, 2019

LIPSKY LOWE LLP


<u>s/ Douglas B. Lipsky</u>
Douglas B. Lipsky
Sara Isaacson
630 Third Avenue, Fifth Floor
New York, New York 10017-6705
Tel: 212.392.4772
Fax: 212.444.1030
doug@lipskylowe.com
sara@lipskylowe.com

## CONSENT TO BECOME PARTY PLAINTIFF

The Welcome Group        I consent to be a party plaintiff in a lawsuit against _____ and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) and/or state law.

2.      By signing and returning this consent form, I hereby designate Lipsky Lowe LLP to represent me in this lawsuit and to make decisions on my behalf concerning the litigation and any settlement.   I also authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Lipsky Lowe LLP concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.   I agree to be bound by any adjudication of this action by a court, whether it is favorable or  unfavorable.


_____          4/25/2019
Signature                                                       Date


_____
Print Name    Jesenia Diaz